In re the MARRIAGE OF Sara Ford BARTLETT and Peter Greenough Bartlett.

Upon the Petition of Sara Ford Bartlett, Petitioner–Appellant,

And Concerning Peter Greenough Bartlett, Jr., Respondent–Appellee.

No. 87–1766.

Court of Appeals of Iowa.

June 29, 1988.

Edward N. Wehr of Wehr, Berger, Lane & Stevens, Davenport, for appellee.

Steven H. Lytle and Lynne Wallin Hines of Erickson, Miller & Lytle, West Des Moines, for appellant.

Heard by OXBERGER, C.J., and SCHLEGEL, and SACKETT, JJ.

SACKETT, Judge.

We address the challenges of Petitioner–Appellant Sara Ford Bartlett to the custody and visitation provisions of her dissolution decree. We affirm as modified.

Sara and Respondent–Appellee Peter Greenough Bartlett, Jr., were married in 1981. They had three children born in 1982, 1983, and 1986. At the time of their separation both parties lived in Scott County where Sara was a commodities futures independent broker and Peter is employed by Automation Systems.

The trial court determined Peter should have sole custody of the three children and found joint custody was not appropriate. Sara, who now lives in Florida, was awarded visitation of four consecutive weeks in the summer, one week over Christmas in each year ending in an odd number, and reasonable visitation when Sara is in Scott County.

I.

Is Peter the proper custodian for the children?

■ Our review is de novo. We give weight to the findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. *In re Marriage of Vrban,* 359 N.W.2d 420, 423 (Iowa 1984). Our major concern is the best interest of the children and our objective is to place the children in the environment most likely to bring the children to healthy physical, mental and social maturity. *Lambert v. Everist,* 418 N.W.2d 40, 42 (Iowa 1988).

Both parties love their children and want custody of them. The parties have both been employed during the marriage and have shared child care responsibilities. Sara's office is located in the home. Her commitment to her job, however, is such that she has little or no contact with the children during business hours. Because of job commitments the parties have been required to rely on others for extensive child care. They have had full-time child care help during business hours.

In making the custody award the trial court determined Peter was the more mature parent and had a better grasp on reality. The trial court determined Sara to be financially irresponsible with no grasp on reality. The trial court was unimpressed with the fact Sara had taken the children to Florida where she made serious financial commitments, including the purchase of a house which required $1,500 monthly mortgage payments and a borrowed down payment, when she had not established a business and had no source of income. The trial court noted, too, her inability to perform basic household tasks, and her use of alcohol, cocaine and marijuana.

■ The court found Sara to be in contempt of a visitation order and considered the fact the children would be less likely to

have contacts with both parents if they were in their mother's care. The denial by one parent of continuing contact with the other, without just cause, is a significant factor in determining custody. Iowa Code § 598.41(1). A mother's attempt to isolate and alienate children from their father is a factor to be given weight in custody determination. *See Vrban,* 359 N.W.2d at 425; *In re Marriage of Leyda,* 355 N.W.2d 862, 865 (Iowa 1984). We note, too, Peter has ties to Scott County and has family support. *See Lambert,* 418 N.W.2d at 43.

We have reviewed the record and find no reason to disagree with the trial court's findings. We affirm the decision to place the children with Peter.

## II.

Having determined Peter to be the proper person to have physical care we must determine whether the trial court was correct in refusing to award joint legal custody.

Our statutes express a preference for joint custody over other custodial arrangements. *In re Marriage of Miller,* 390 N.W.2d 596, 598–99 (Iowa 1986). A court denying joint custody must cite in its decision clear and convincing evidence that joint custody is unreasonable and not in the best interest of the child to the extent that the legal custodial relationship between the child and parent should be severed. *See* Iowa Code § 598.41(2); *Miller,* 390 N.W.2d at 599.

To support a denial of joint custody, the trial court cited the fact it determined Sara had moved to Florida to get the children as far away from Peter as possible, the fact Sara denied Peter visitation and demonstrated her disregard for court orders (the trial court found these acts to be contempt of court), and the fact Sara cannot set her own feelings aside to enhance Peter's relationship with their children. We determine there are not clear and convincing reasons to deny joint custody. We modify the trial court's order to provide for joint custody with physical care in Peter.

## III.

Sara requests expanded visitation. Sara's visitation is presently limited only by its reasonableness if she is in Scott County. Considering the ages of the children, we consider the time she is allowed with them in Florida to be reasonable and sufficient. We affirm the visitation award.

Costs on appeal are taxed three-fourths to Sara and one-fourth to Peter. Neither party is awarded attorney fees.

AFFIRMED AS MODIFIED.