In re the **MARRIAGE OF Tammy Sue BUNCH and Kevin Leroy Bunch,**

**Upon the Petition of Tammy Sue Bunch, Appellee,**

**And Concerning, Kevin Leroy Bunch, Appellant.**

No. 89–0834.

Court of Appeals of Iowa.

July 26, 1990.

Ray Sullins, Des Moines, for appellant.

James M. Hansen of Clements, Blomgren, Pothoven, Pabst & Stravers, Oskaloosa, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Tammy and Kevin Bunch were married on May 10, 1986. The parties have one minor child, Whitney, who was born on October 31, 1986. Shortly before Whitney's birth, Kevin was injured in a diving accident and is now a quadriplegic. Because of his injuries, Kevin is not able to care for himself without the help of a third party.

Tammy filed the present action on April 28, 1988. Subsequently, Tammy moved to Florida with Whitney. Prior to the move, Kevin had been granted weekend visitation. At trial, Tammy testified that Whitney loves her father, and that Kevin usually calls twice a week and writes to Whitney three times a week. Tammy stated that she believed Whitney should develop a close relationship with Kevin.

The trial court awarded Kevin visitation of three weeks each summer until Whitney reaches the age of eight years, and four weeks each year thereafter. Kevin was also granted one week visitation at Christmas, including Christmas Day in alternating years. He was further granted visita-tion anytime he visits Florida. Kevin subsequently filed for a modification of the decree, or an expanded findings and conclusions, which the trial court denied. Kevin has appealed.

Kevin notes that section 598.1(6) of the Iowa Code requires "maximum continuous physical and emotional contact possible." *See also* Iowa Code § 598.41(1) (1989). He argues that his visitation should be expanded to five weeks until Whitney is eight years old, and to eight weeks thereafter. Kevin also would like to see Whitney for four days during her school spring break after she starts school.

■ Our scope of review in cases concerning modification of child visitation rights is de novo. *See* Iowa R.App.P. 4. We give weight to the trial court's findings of fact; however, we are not bound by them. *See* Iowa R.App.P. 14(f)(7). Prior cases are of little precedential value, *see In re Weidner*, 338 N.W.2d 351, 356 (Iowa 1983), as we must seek only to establish that which will be in the best interests of the child. *See* Iowa Code § 598.41(1) (1989). We must do so in light of what is reasonable, "will assure maximum continuing physical and emotional contact with both parents," and "will encourage parents to share the rights and responsibilities of raising the child," and will not cause "physical harm or significant emotional harm to the child ... or a parent." *Id.* Section 598.41(1) also requires "liberal visitation rights where appropriate." *Id.*

This dispute centers around the questions of whether, given the facts and circumstances, the court must apportion a particular amount of time with the parent who does not have the primary physical care of a child in joint custody to meet the statutory requirement of maximizing contact and whether, given the facts and circumstances, the trial court awarded liberal and maximum visitation. Appellant asserts that apportioning less than one-half of the available summer represents minimum, rather than maximum, contacts given the distance between the parties and the absence of weekend visitation.

To this end, appellant argues that the record does not show, and thus the trial court could not find, that less frequent and shorter visits fulfill the statutory directive to provide maximum contact. Appellee contends that the record does not support a change, presumably as to either frequency or duration, but she urges that more frequent visits would be harmful, especially at Whitney's young age, because she has had trouble and grows quite upset for an extended period when being shuffled back and forth. Appellee and the trial court both expressed concern that the cost of transportation for more frequent visits would be too great. Appellee does not contend that Whitney receives inadequate care while in appellant's custody.

 We cannot say as a matter of law that sections 598.41(1) and 598.1(6) require the court to apportion at least one-half of available time to the noncustodial parent. The Iowa Code requires us to consider only those factors listed in section 598.41(1), *i.e.*, the best interests of the child; *not* an equitable arrangement among the parents. Neither can we say that the trial court erred or failed adequately to review and to consider the facts and circumstances.

Whitney has experienced some distress after visits, whatever its cause. We believe it is in the best interests of the child to minimize throughout her minority years the physical and emotional distress caused by disrupting her routine by frequent and lengthy visits, especially while she is under the age of eight years. We find the schedule for visitation, which includes three weeks each summer until Whitney reaches age eight, and four weeks thereafter, and which includes one week during the winter holidays and any time during which appellant may travel to Florida, meets all of the standards of section 598.41(1). *See In re Weidner*, 338 N.W.2d 351, 359 (Iowa 1983) (expressing similar concern that particular "arrangement would be confusing and upsetting to the children and would deprive them of the stability which they need at this stage of their development," *i.e.*, ages 12 and 9); *see also In re Bartlett*, 427 N.W.2d 876, 878 (Iowa App.1988) (four

weeks per year and one week during Christmas was adequate visitation).

 Finally, we believe that, because of appellant's limited ability to travel and because of Whitney's limited ability to travel, appellant should have reasonable visitation rights whenever Whitney comes to the State of Iowa. We believe that such visitation rights will promote the best interests of Whitney in accordance with section 598.-41 by maximizing her contacts with her father. We see no reason to differentiate between appellant's visits to Florida and his daughter's visits to Iowa. The parties have demonstrated a willingness to accommodate each other in matters of visitation, which we applaud and encourage.

The costs shall be taxed equally between the parties, and each shall pay his or her own attorney's fees.

AFFIRMED AS MODIFIED.