In re the MARRIAGE OF Linda
K. TOEDTER and Randy G.
Toedter

Upon the Petition of

Linda K. Toedter, Appellant,

and Concerning

Randy G. Toedter, Appellee.

No. 90–1750.

Court of Appeals of Iowa.

May 29, 1991.

Barry S. Mueller of Kelly & Mueller, Postville, for appellant.

Marion L. Beatty and Linny C. Emrich of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Linda and Randy Toedter were married in 1982. They have two children, boys born in May 1985 and June 1988. Randy, thirty-two years old at trial time, is a self-employed farmer. Linda, twenty-six years old at trial time, works in a factory.

The dissolution decree placed the two children in joint legal custody and in Randy's primary physical care. The district court concluded that both parents love the children and could parent them adequately. However, the court commented Randy will provide a more stable home and will provide continuous contact with grandparents and other relatives. The court also commented Linda "has had some emotional problems and has been generally dissatisfied with her lot in life over the past several years," while Randy had shown himself to be "responsible, self-reliant, mature, and adaptable." Finally, the court commented Randy "assigns the children's well-being a higher priority" than does Linda.

The dissolution decree awarded Linda visitation on alternate weekends and alternate holidays; she was also awarded four weeks of summer visitation. The dissolution decree directed Linda to pay Randy child support of $55 per week until the younger child becomes ineligible for support. The parties' property was divided according to a stipulation. The division of property is not challenged.

Linda has appealed from the dissolution decree.

Linda contends the children should be transferred to her primary physical care. She notes she has been the children's primary caretaker throughout their lives, and the children have done well in her care. She also alleges Randy's inflexible devotion to his farm work leaves him little time for the children.

In the event the children are left in Randy's physical care, Linda requests adjustments in visitation and child support. She seeks mid-week visitation. She also asks her child support obligation be reduced during extended visitation periods and after the first child is no longer eligible for support.

Our standard of review in this equity case is de novo. Iowa R.App.P. 4. We give weight to the trial court's finding of facts, especially regarding credibility of the witnesses, but are not bound by those findings. Iowa R.App.P. 14(f)(7).

I. *Custody.* Linda contests the trial court's granting of primary physical custody of the children to Randy. We have reviewed the facts and the trial court's findings. Both parents appear to be dedicated to their children. Either would be a fit custodial parent. The question is a close one. Upon our review of the evidence, we are convinced the trial court correctly decided the custody issue. We affirm the trial court on this issue.

II. *Visitation.* Linda requests more visitation. The trial court granted her four weeks each summer, alternate holidays, and alternate weekends. She asks for more time in the summer, and alternate mid-week visitation.

Liberal visitation rights are in the best interests of the children. Iowa Code § 598.1(6); *In re Marriage of Muell*, 408 N.W.2d 774, 777 (Iowa App.1987). Both parents, as joint custodians, are charged with maintaining those interests. Unless visitation with the noncustodial parent will in some way injure the child, they are not to be prohibited. *Fitch v. Fitch*, 207 Iowa 1193, 1197, 224 N.W. 503 (1929).

Continuing and frequent contact with both parents is in the best interests of the

children in this case. A healthy parent-child relationship has already been established between the children and their mother. This relationship should be encouraged and nourished.

■ At the present time, Linda resides in the same school district as the children. We hold Linda shall be granted overnight visitation one night per week. Linda and Randy shall prearrange which night each week would be the best. This mid-week visitation shall continue as long as Linda resides in the same school district as the children.

■ Linda has also requested more visitation during the summer. We agree four weeks is inadequate. We hold Linda should have a minimum of six weeks visitation each summer.

We emphasize these visitation periods granted by court decree are the *minimum* periods. The parents are expected to actively encourage positive relations between the other parent and the children.

We modify the dissolution decree to hold Linda shall be granted mid-week overnight visitation each week so long as she resides in the same school district as the children. Linda is granted six weeks of visitation in the summer. All other aspects of the trial court's decree pertaining to visitation are affirmed.

III. *Child Support.* Linda was ordered to pay $55 a week child support. No reduction was ordered when the first child reaches majority. Additionally, no reduction was ordered during the time Linda has summer visitation.

■ This dissolution decree was entered October 30, 1990. At the time of the decree, the permanent child support guidelines, adopted October 12, 1989, were in effect. These guidelines were mandatory unless the trial court made written findings they would be unjust or inappropriate. *See* Supreme Court Order in the Matter of Child Support Guidelines (effective Oct. 12, 1989). No such findings were made in this case. We determined the trial court erred in not applying the guidelines in effect at the time of the dissolution.

■ The trial court made no findings as to the income of either Randy or Linda. We are unable to determine from this record their incomes in order to apply the guidelines at the appellate level. We remand this case to the trial court to make appropriate determinations as to child support applying the guidelines in effect when the decree was entered.

Linda asks for a reduction of child support when the first child reaches majority. This determination should be made by the trial court on remand by applying the guidelines in effect at the time of the decree.

■ Finally, Linda seeks an abatement of her support obligation during the period of her summer visitation. Generally the support obligation is not reduced during periods of extended visitation, as the custodial spouse has the continuing obligation to maintain the house and other necessary expenses. *See In re Marriage of Fleener,* 247 N.W.2d 219, 221 (Iowa 1976). However, no two child support cases are alike and precedents are of little value. *In re Marriage of Zoellner,* 219 N.W.2d 517, 525 (Iowa 1974).

■ Here Randy already owns the farm house free and clear. During the summer, the children will most likely stay on the farm, and so no day-care costs should be incurred. On the other hand, during the extended summer visitation, the children will be in Linda's full-time care. She will have the obligation to provide for their physical needs. She will have to provide day-care or other caretaker service while she is at work. We determine it is equitable under the facts of this case for Linda's support obligation to be abated for the period the children are with her on summer visitation.

We vacate the trial court's order on child support and remand for a redetermination in accord with this opinion.

IV. *Conclusion.* We affirm the trial court's grant of primary physical custody to Randy. We modify the trial court's visitation order to grant mid-week overnight

visitation each week as long as Linda resides in the same school district as the children. We vacate the trial court's child support order. We remand for a redetermination of Linda's child support obligation in accordance with the guidelines in effect at the time of the decree. Linda's support obligation is abated during her summer visitation.

Costs on appeal taxed one-half to each party.

AFFIRMED IN PART, MODIFIED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.