In re the MARRIAGE OF Martha
R. WILHELM and Henry G.
Wilhelm.

Upon the Petition of Martha
R. Wilhelm, Appellant,

And Concerning Henry G.
Wilhelm, Appellee.

No. 91–1832.

Court of Appeals of Iowa.

Aug. 27, 1992.

Donald J. Charnetski and C. Jean Pendleton of Charnetski, Olson, Lacina & Pendleton, Grinnell, and F.H. Becker of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellant.

C.M. Manly of Manly Law Firm, Grinnell, and Kermit L. Dunahoo and Victoria E. Lawry of Dunahoo Law Firm, Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Henry and Martha Wilhelm were married on October 30, 1976. The parties have two children: Sarah, born February 27, 1979; and David, born October 12, 1981.

Martha was born on December 28, 1949. Martha received a bachelor's degree in art in 1972. When they married, Martha continued to work full-time as a nurse's aide. Following the birth of Sarah, Martha worked in the home. After David had entered kindergarten, Martha worked for approximately six months in a print shop until it closed. In 1988 Martha began working full-time as a community liaison with the Iowa Peace Institute. Her annual salary is $17,248.32.

Henry was born October 30, 1947. Henry is considered the preeminent authority on the care and preservation of color photographic materials. Henry's ultimate goal is to write and publish a book on the permanence of color photography. In the early 1980s Henry entered into a limited partnership arrangement with the Lannom Company. The limited partner is Preservation Research Corporation, which is an entity owned solely by Henry. Delong Sports-

wear is the general partner. The limited partnership has advanced money to Henry for living expenses in the amount of $2100 per month since 1980, with the exception of 1989, and will continue to make such advances until the book is finished.

In April of 1989 Martha and the children separated from Henry. Martha had temporary custody of the children while the divorce was pending. In July of 1989 Martha filed a petition for dissolution.

On October 31, 1991, the district court entered a decree dissolving the parties' marriage. After examining the characteristics of each parent, the court placed the children in joint legal custody and awarded Henry primary physical care. The district court found the best interests of the children would be served by awarding custody to Henry. The district court ordered Martha to pay Henry child support of $349.72 per month based upon her monthly salary of $1165.74 and Henry's monthly compensation of $2100.

Martha has appealed the dissolution decree. Martha contends primary physical care of the children should be transferred to her because she was the primary caretaker and Henry is financially unstable. If custody is denied, Martha requests one or both dependent tax exemptions. We affirm.

Our review is de novo. Iowa R.App.P. 4. In child custody cases the best interests of the children is the governing consideration. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983); Iowa R.App.P. 14(f)(7). The factors considered in awarding custody are enumerated in section 598.-41(3) of the Iowa Code (1991) and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). The critical issue in determining the best interests of the children is which parent will do better in raising the children, *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985), and which environment would "bring the children to healthy, physical, mental, and social maturity." *In re Marriage of Bartlett*, 427 N.W.2d 876 (Iowa App.1988) (citing *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988)).

## I. *Custody.*

■ Martha contends the trial court erred in awarding custody of the children to Henry. Both parents appear to be dedicated to their children; however, upon review of the evidence, we find the trial court correctly decided the custody issue. The trial court had the opportunity to judge the credibility of the witnesses. Although we are not bound by fact findings of the trial court, we do give them weight, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We find no valid reason to disturb the trial court's decision. Accordingly, we affirm.

■ The fact Martha was the primary caretaker prior to separation does not assure she will be awarded custody of the children. *In re Marriage of Toedter*, 473 N.W.2d 233, 234 (Iowa App.1991) (custody to father despite mother's role as primary caretaker). Martha also suffers from a mental disorder. In 1976 Martha was hospitalized for a mental disorder for a two-week period. Martha continues to take an antidepressant medication for treatment of this condition.

■ A child needs a stable and continuing environment. *In re Marriage of Carrico*, 284 N.W.2d 251, 254 (Iowa 1979). Custody of the children should be quickly fixed and little disturbed. *In re C.W.*, 342 N.W.2d 885, 889 (Iowa App.1983) (citing *In re Voeltz*, 271 N.W.2d 719, 724 (Iowa 1978)). We believe Henry can better serve the children's long-term best interests. Henry has sufficiently met the financial needs of the children and has continued to pay the majority of the children's expenses since the dissolution. Henry has demonstrated he can provide the children with stability and is in better health than Martha. He has helped the children with school projects, participated in extra curricular activities, encouraged the children's educational pursuit, and provided adequate discipline. We conclude it is in the children's best interests to be placed with Henry.

## II. *Support.*

We find the amount of support set by the trial court was appropriate pursuant to the support guidelines. The trial court properly relied upon the monthly income of Martha, which was $1,165.74, and the remuneration Henry received monthly, which was $2100.

## III. *Dependent Tax Exemptions.*

■ On appeal, Martha contends the court should allocate to her one or both dependent tax exemptions for the children. The trial court did not address this issue. We agree this issue should be addressed and therefore remand the issue of exemptions to the trial court. Due to the existing financial circumstances surrounding the parties, we instruct the trial court to allocate both exemptions to Martha if she is current for all of her child support at the end of each taxable year. The trial court shall order Henry to execute IRS Form 8332 in favor of both children. *See In re Marriage of Feustel*, 467 N.W.2d 261, 263 (Iowa 1991) (citing 26 U.S.C. § 152(e)(2), (3), and (4) (1988) (court has authority to decide which parent is entitled to income tax dependency exemption; court exercises its authority by ordering custodial parent to execute IRS Form 8332)).

We affirm the trial court's custody and support decision and remand with instruction the tax exemptions issue. Each party shall pay his or her own attorney fees on appeal. Costs of appeal are taxed to Martha.

AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.

SCHLEGEL, P.J., concurs.

SACKETT, J., concurs in part and dissents in part.

SACKETT, Judge (concurring in part and dissenting in part)

I concur in part and dissent in part. I would affirm the trial court in total.