**IN THE COURT OF APPEALS OF IOWA**

No. 16-1997
Filed May 17, 2017

**SAO MANSARAY,**
        Plaintiff-Appellant,

**vs.**

**ANGELINE NAYOU,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse, Judge.

        A father appeals the visitation schedule set by the district court in its order concerning custody, arguing the court should have followed the parties' agreement. **AFFIRMED.**

        Mark A. Simons of Simons Law Firm, PLC, West Des Moines, for appellant.

        Robb D. Goedicke of Cooper, Goedicke, Reimer, & Reese, PC, West Des Moines, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Angeline Nayou is the mother and Sao Mansaray is the father of three minor children. Following a trial in August 2016, the district court entered its custody order placing the parties' children in Angeline's physical care. The order set forth a visitation schedule the court found would assure the children continue to have maximum physical and emotional contact with both parents while providing the children stability in their lives. In so finding, the court did not follow the parties' agreement concerning a summer-visitation schedule, which essentially provided the parties would have joint physical care of the children during the children's summer break.

Sao now appeals the decree's visitation schedule, asserting "the district court erred in refusing to accept the parties' pretrial stipulation regarding their summer schedule" and "in reducing Sao's regular visitation." He notes that the district court, in going against the stipulation, cited the parties' strained and ineffective communication, but he argues he and Angeline have, "on several occasions, agreed to and abided by a joint physical care parenting schedule." He also claims the district court's concern "about a domestic violence incident that occurred in 2008 . . . should not be determinative of what is in the children's best interest in light of all [the] other factors."

We review the reasonableness of the district court's visitation award de novo. *See Callender v. Skiles*, 623 N.W.2d 852, 854 (Iowa 2001); *see also* Iowa R. App. P. 6.907. However, we recognize that the district court was able to listen to and observe the parties and witnesses. *See McKee v. Dicus*, 785 N.W.2d 733, 736 (Iowa Ct. App. 2010). We therefore give considerable weight to the

court's findings of fact, but we are not bound by them.  *See Callender*, 623 N.W.2d at 856.

"In child custody cases, the best interests of the [children] is the first and governing consideration."  *Yarolem v. Ledford*, 529 N.W.2d 297, 298 (Iowa Ct. App. 1994).  Generally, the children's best interests are served by liberal visitation.  *See In re Marriage of Stepp*, 485 N.W.2d 846, 849 (Iowa Ct. App. 1992).  Although Iowa Code section 598.41(1)(a) (2016) directs courts to reach a custody determination with liberal visitation that "will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents," that directive is in the context of what "is reasonable and in the best interest of the [children]."  *See also Callender*, 623 N.W.2d at 855-56.

Upon considering the factors enumerated in Iowa Code section 598.41, as well as other nonexclusive factors enumerated in *In re Marriage of Winter*, 223 N.W.2d 165, 166-67 (Iowa 1974), *see In re Marriage of Hansen*, 733 N.W.2d 683, 696 (Iowa 2007); *Callender*, 623 N.W.2d at 856, we affirm the district court's visitation schedule.  Here, the district court explicitly found Sao was less credible than Angeline.  The court's order noted Angeline also testified to another, more recent incident of domestic violence between the parties, not just the criminal incident in 2008.  In addition to domestic violence by Sao, the record supports the district court's determination that Sao provided minimal assistance in the children's care and support.  These factors, along with the strained communication between the parties—including communication of medical issues—support the court's determination that a more limited visitation schedule was in the children's best interests.  We note the visitation schedule set forth in

the order is the minimum period of visitation allowed; the parties may agree to a more expansive visitation schedule and are expected to actively encourage positive relations between the other parent and the children.  *See In re Marriage of Toedter*, 473 N.W.2d 233, 235 (Iowa. Ct. App. 1991).  Because we believe the visitation schedule entered by the court is in the children's best interests, we affirm the visitation awarded by the district court.

Angeline requests appellate attorney fees.  Whether to award appellate attorney fees is within our discretion.  *See Markey v. Carney*, 705 N.W.2d 13, 26-27 (Iowa 2005).  An award of appellate attorney fees depends on three factors: (1) the needs of the party making the request, (2) the ability of the other party to pay, and (3) whether the party making the request was obligated to defend the trial court's decision on appeal.  *Id.*  After considering the appropriate factors, we award Angeline appellate attorney fees of $900.  Any costs on appeal are assessed to Sao.

**AFFIRMED.**