In re the MARRIAGE OF Phyllis D. RODGERS and Jeffry L. Rodgers,

Upon the Petition of Phyllis D. Rodgers, Appellee,

And Concerning Jeffry L. Rodgers, Appellant.

No. 90–416.

Court of Appeals of Iowa.

April 2, 1991.

Richard S. Bordwell, Washington, for appellant.

Cynthia Hanna Camp of Elderkin & Pirnie, Cedar Rapids, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

Phyllis and Jeffry were married in 1982. Three children were born of the marriage: Amanda, born July 13, 1984; Monica, born June 4, 1986; and Rebekah, born February 4, 1988.

Phyllis has received a G.E.D. She currently works as a secretary in Laurel, Maryland. Her net weekly earnings are $210.15. Jeffry, a high school graduate, works in a hog confinement operation. His net biweekly earnings are $448.98.

The dissolution decree placed the three children in joint custody and in Jeffry's primary physical care. The court ordered Phyllis to pay child support of $250.00 per month.

Phyllis appeals the decree. She contends that she should have primary physical care of the children for in the past, Jeffry denied and frustrated visitation. She also claims that Jeffry has poor communication skills. In addition, she asserts she should only be ordered to pay child support of $205 per month. Phyllis requests half of her attorney's fees at trial and on appeal.

Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3) and in *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983) and *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974).

All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution pro-

ceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985).

The trial court found, and we agree, that Jeffry has taken on the role as the sole provider and primary caretaker. Phyllis left the State of Iowa in May of 1988 to visit her mother and brother in Tennessee. While on this trip, she chose not to return to Iowa and moved to Maryland to live with her high school sweetheart, Jim Laws. During this period of time the two older children were left with Jeffry and the baby was with Phyllis.

Jeffry was unaware that Phyllis did not intend to return home. She finally did return with Rebekah in October of 1988 and attempted counseling through the church with Jeffry. This counseling, however, was unsuccessful, and eventually Phyllis left and returned to Maryland with Jim Laws. Since that time she has resided in Maryland with Mr. Laws.

Our primary concern is the best interest of the children with the objective being to place the children in an environment most likely to bring the children to healthy physical, mental and social maturity. *In re Marriage of Bartlett,* 427 N.W.2d 876, 877 (Iowa App.1988). Both parents love their children. The children have been living with Jeffry for over a year and a half. He has a home in Kalona and additionally has hired a woman to come to his home and care for the children while he is at work. We do not question Phyllis's love for her children. But her situation creates a substantial question as to whether she is in the best position to provide for her children. We conclude, as did the trial court, that it would be in the children's best interest to continue in Jeffry's care.

Phyllis argues the children should be placed with her because she believes Jeffry denied or frustrated visitation. We recognize at the time Jeffry denied communication between his wife and daughters, that he was very upset and hurt about his wife leaving on vacation and not returning. While we do not condone this action, the evidence shows Jeffry has since made a concerted effort to establish a relationship for the children with their mother by driv-ing to Virginia and Tennessee to enable them to visit with her. Although we do not find Jeffry to be denying visitation, we do caution him to remember the importance of visitation and to keep in mind his continued cooperation is in the children's best interest.

Phyllis also contends Jeffry's affiliation with his church is detrimental to the children. In considering this issue, we adhere to the principle that courts should not consider the religious views of either parent in deciding custody issues. We additionally accept the trial court's finding that Jeffry's ultimate concern lies with the best interest of his children. We affirm the trial court on the custody issue.

Phyllis also argues the trial court improperly applied the child support guidelines when it established the level of child support at $250.00 per month as the amount she should be required to pay. Jeffry argues to the contrary, but does admit that the applicable guideline percentage results in monthly child support to be paid by Phyllis of $244.05. We find nothing in the opinion as to why the guidelines are inappropriate or unjust. Thus we modify the amount of child support to $244.05 per month.

Finally, Phyllis contends the trial court should have required Jeffry to pay her attorney fees and requests attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). In considering each party's financial situation, we find it proper to order each party to be responsible for their own fees.

AFFIRMED AS MODIFIED.