In re the **MARRIAGE OF Gary Lee COSSEL and Shari Ann Cossel.**

Upon the Petition of **Gary Lee Cossel, Petitioner–Appellant/Cross–Appellee,**

And Concerning **Shari Ann Cossel, Respondent–Appellee/Cross–Appellant.**

No. 91–928.

Court of Appeals of Iowa.

April 28, 1992.

James W. Affeldt of Elderkin & Pirnie, Cedar Rapids, for appellant.

Richard J. Gaumer of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This appeal addresses the issue of fixing the child support obligation of a self-employed Iowa grain and livestock farmer.

Petitioner-appellant Gary Lee Cossel and respondent-appellee and cross-appellant Shari Ann Cossel were married in August of 1988. They have one child, a daughter who was two years old at the time of the hearing on the dissolution petition.

Gary is twenty-eight years old and in good health. He is the father of two older children. The decree dissolving Gary's first marriage ordered Gary to pay $3,200 a year in child support for two children. He pays only $2,000 [1] a year in support. Gary has been self-employed as a grain and livestock farmer for the past ten years.

Shari is twenty years old. This was her first marriage. Shari is employed full-time as a file clerk at the Ottumwa Regional Health Center and earns $5.70 an hour.

The trial court dissolved the marriage, divided the property, granted physical care of their child to Shari, and ordered Gary to pay $300 a month in child support. In ordering child support, the trial court made no finding as to the net monthly income as required by the Iowa Child Support Guidelines for either party and no computation of the amount of child support that would be fixed if the guidelines were applied. Instead, the trial court found the application of the child support guidelines was not realistic and fixed the support at $300 monthly.

Gary appeals, contending the trial court should have computed child support using the guidelines, that under the guidelines his monthly income is $221.88, and that is the figure that should have been used in fixing his child support. We affirm as modified.

I.

The first issue is whether the trial court was correct in summarily deciding the guidelines were not applicable. Shari contends the child support guidelines cannot be applied to a farmer and the trial court was correct in refusing to do so. She also contends if the guidelines are used, the court should use Gary's financial statement, not his income figures, to fix child support. Her position is the child support should be fixed in the amount of $566.83.

The decree of dissolution was entered on April 24, 1991. The child support guidelines are applicable. *See In re Marriage of*

---

**1.** We allowed Gary a deduction of $2000 on the child support guidelines worksheet, as that is the amount Gary actually paid. *In re Marriage of Miller,* 475 N.W.2d 675, 679 (Iowa App.1991).

*Powell,* 474 N.W.2d 531, 533 (Iowa 1991) (under child support guidelines, there is rebuttable presumption that amount of child support that would result from application of guidelines is correct); *In re Marriage of Ludwig,* 478 N.W.2d 416, 419 (Iowa App.1991) (application of child support guidelines is mandatory unless court makes written findings that adjustment is necessary); *Iowa Dep't of Human Serv. v. Gable,* 474 N.W.2d 581, 582 (Iowa App. 1991) (child support guidelines are to be used in determining child support unless court makes written finding that adjustment is necessary); *In re Marriage of Toedter,* 473 N.W.2d 233, 235 (Iowa App.1991) (trial court was required to apply child support guidelines in effect at time of dissolution where trial court had made no written findings that they would be unjust or inappropriate); *In re Marriage of Rodgers,* 470 N.W.2d 43, 45 (Iowa App.1991) (level of child support should have been set in accordance with guidelines, absent any indication that guidelines were inappropriate or unjust).

The question whether the facts in this record support a finding the guidelines would be unjust or inappropriate is determined under the following criteria:

Gross monthly income does not include public assistance payments.

The court shall not vary from the amount of child support which would result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate as determined under the following criteria:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case.

Gary, like a number of Iowans, is a self-employed farmer whose income always fluctuates substantially from month to month and frequently fluctuates substantially from year to year. Shari contends that because of the nature of a farming operation the current child support guidelines cannot be applied to an Iowa farmer.

Shari contends the guidelines cannot apply because a farmer has the ability to allocate income to different years through the sale of grain in different calendar years.

 To establish a monthly income for a self-employed person or one who has fluctuating monthly income, it generally is best to use an average of income from a period that accurately reflects the fluctuations in income. A farmer produces commodities that fluctuate in value. Production may vary because of weather conditions. Farm programs have a substantial impact on a farmer's net income. These factors generally require a farmer's net monthly income be determined from an average of twenty-four to thirty-six months' income. The fact that a noncustodial parent is a farmer does not justify departure from the guidelines. There is no basis to not apply guidelines to self-employed persons and to apply guidelines to persons employed by others.

## II.

 The next question is, what is Gary's net monthly income as defined by the guidelines? Before applying the guidelines there needs to be a determination of the net monthly income of the custodial and noncustodial parent. *See Powell,* 474 N.W.2d at 533 (court must determine the parents' current income from most reliable evidence presented); *In re Marriage of Lalone,* 469 N.W.2d 695, 696 (Iowa 1991) (application of child support guidelines chart first involves determination of net monthly income of each parent); *Miller,* 475 N.W.2d at 678 (first step in using the child support guidelines is to arrive at "net monthly income").

There is a serious disagreement between the parties as to Gary's net monthly income. This is one of a series of cases that have come before the Iowa appellate courts seeking further definition of "net monthly income" as used in the guidelines. *See In re Marriage of Gaer,* 476 N.W.2d 324, 326–30 (Iowa 1991) (in determining income

available for child support, self-employed truck driver would be allowed deduction for straight-line method of depreciation of truck); *Powell*, 474 N.W.2d at 533–34 (court may determine current monthly income based upon income prior to temporary unemployment); *Lalone*, 469 N.W.2d at 697 ("net monthly income" excluded alimony paid); *State ex rel. Dept. Human Serv. v. Burt*, 469 N.W.2d 669, 671 (Iowa 1991) (amount father ordered to pay to be applied toward his accrued obligation for public assistance advanced in past is not deductible from gross income in determining net income under child support guidelines); *In re Marriage of Mayfield*, 477 N.W.2d 859, 861–62 (Iowa App.1991) ("net income" was properly found to equal average of last two years of taxable income); *Miller*, 475 N.W.2d at 678–79 ("net monthly income" did not exclude alimony paid); *In re Marriage of Jennings*, 455 N.W.2d 284, 287–88 (Iowa App.1990) (net monthly income under the guidelines means gross monthly income less specifically enumerated deductions).

The definition of income as used in the guidelines is most readily adaptable to the parent employed at a set monthly wage. We agree with Shari, the definition of income in the guidelines is not easily applied to the earnings of self-employed persons who experience month-to-month and/or year-to-year fluctuations in income. The translation of the income of a self-employed person or an employed person who has varying wages to a monthly "net income" is difficult. However, the difficulty in making the computation is not sufficient justification for not making the computation.

 Shari also argues that using farm income is not fair but that increases in Gary's financial statements should be used in fixing child support. A nontaxable increase in net worth can result from the appreciation in the value of retained assets. There have been some increases in the net worth shown on Gary's financial statements over the three year period of the marriage. The increases are primarily the result of increases in grain and livestock prices. We recognize there may be circumstances where a substantial nontaxed increase in the net worth of the noncustodial parent justifies a departure from the guidelines. We do not find a departure from the guidelines justified where a farmer with modest assets realizes an increase in net worth because of a market price increase in farm commodities that have not been sold. Farm commodities are subject to a number of nonpredictable market fluctuations. Even the most experienced farmers are not able to predict the grain and livestock markets. The value of farm commodities to a farmer is not established until he or she markets the commodity. We do not interpret the child support guidelines to require the courts to trace increases and decreases in the value of farm commodities. The value of farm commodities is best established when the commodity is sold. The value of farm commodities is therefore reflected in income, and income is used to establish child support. We look at Gary's income, not his net worth, in fixing child support.

 Shari next argues we should disregard the depreciation taken by Gary in determining his income. Depreciation is a valid cost of doing business. As a farmer, Gary needs machinery and equipment to produce crops. Depreciation deductions for farm machinery reflect a decrease in value of the equipment and have been established by the Internal Revenue Service and Congress to reflect the cost of doing business. In *Gaer*, 476 N.W.2d at 324, the Iowa Supreme Court addressed at length the issue of the treatment of depreciation in fixing child support. What we gain from *Gaer* is that a noncustodial parent electing to expense certain depreciable assets should have that amount of expenses allocated over a reasonable depreciation period. *See Gaer*, 476 N.W.2d at 324 (self-employed truck driver allowed straight-line depreciation of truck).

The record contains tax returns showing what Gary reported to the federal and state government as his income for the calendar years 1988, 1989, and 1990. Gary's total income comes from farming.

Gary's farm income has fluctuated. We determine it is equitable to average Gary's farm profits and/or losses for the three years 1988, 1989, and 1990 and divide by twelve, representing the months in one year, to determine his gross monthly income as defined by the guidelines.

Before doing so, we will reallocate expense deductions taken for depreciable assets that exceed straight-line depreciation. We will reallocate the deductions so the assets will be deducted as though straight-line depreciation had been taken. *See Gaer*, 476 N.W.2d at 324 (Iowa 1991). In 1988 Gary had a profit from farming of nearly $12,000; in 1989 he had a profit from farming of approximately $17,000; and in 1990 he had a profit from farming of about $5,000.[2] In 1988 Gary did not expense any depreciable assets. He took only straight-line depreciation; therefore, we need not make any adjustment for 1988. In 1989 Gary took a deduction as an expense for $10,000 in depreciable assets. We determine the cost of these assets should be deducted for child support purposes as straight-line depreciation over a five-year period. Consequently, for the purpose of 1989, we consider Gary's income to be $25,000 ($17,000 plus $10,000, representing depreciable assets taken as an expense, less $2000 which would represent straight-line depreciation on the $10,000 for 1989). In 1990 Gary expensed no depreciable property. We therefore consider his income for 1990 to be $3000 ($5000 less $2000, representing straight-line depreciation on assets expensed in 1989). Consequently, Gary's average gross income as defined by the guidelines for the prior three years would be about $13,333.[3]

While the guidelines do not so specify, it seems apparent that in nearly all cases we should look to what is currently referred to as "total taxable" income on the Federal 1040 [4] and as "net income" on the IA 1040.[5]

We use a worksheet to make our computations.[6] This worksheet is made a part of the opinion. We determine Gary's net monthly income is $647. We determine Shari's net monthly income is $595. Gary's child support obligation according to the child support guidelines is $145.57 per month. We affirm as modified. Each party shall pay his or her own attorney fees and one-half of the costs on appeal.

AFFIRMED AS MODIFIED.

OXBERGER, C.J., concurs.

HABHAB, J., dissents.

APPENDIX

GARY

CHILD SUPPORT GUIDELINES WORKSHEET

A. Sources and Amounts of Annual Income:

| | |
|---|---|
| _____ | $13,333 |
| _____ | $_____ |
| _____ | $_____ |
| TOTAL | $13,333 |

B. Federal Tax Deduction $13,333

 Gross *Annual* Income < 2,300 >

 less 1 personal exemption

2. The figures used are the profit or loss on the Schedule F "Profit or Loss from Farming," Form 1040.

3. The figures used for 1988, 1989, and 1990 income were rounded off for ease in computation.

4. On the 1991 1040 "Total income" is found at line 23.

5. "Net Income" is found at line 26 of the 1991 IA 1040.

6. This worksheet prepared by attorney David Jungmann of Greenfield provides an excellent form for gathering income data.

less standard deduction
 (single or head of household) < 3,600 >
Net taxable income—federal $ 7,433
Federal tax liability (from tax table) < 1,115 >

C. State Tax Deduction
 Gross *Annual* Income $13,333
 less federal tax liability < 1,115 >
 less state standard deduction < 1,280 >
 Net taxable income—state $10,938
 State tax liability (from tax table)
 less 1 credits < 410 >

D. Social Security Tax Deduction
 Annual earned income $13,333
 Applicable rate (7.65% or 15.30%) × 15.30
 Annual Soc. Sec. tax liability < 2,040 >

E. Other Deductions (Annual)
 1. Union Dues <_____>
 2. Mandatory Pension <_____>
 3. Dependent Medical Insurance <_____>
 4. Affiant's Med. Ins. or Exps. (Not to exceed $300) <_____>
 5. Prior child support obligations (including med.) < 2,000 >
 6. Spousal support obligations <_____>
 7. Child care expenses $_____
 less fed. & state tax credits <_____>
 Net child care expenses <_____>

Net Annual Income $ 7,768
Monthly Average Income $ 647
STATE OF IOWA, COUNTY OF _____, ss.

 I, _____, do hereby swear or affirm that the above and foregoing statement is true and correct as I verily believe.

_____
(Petitioner/Respondent)

SHARI
CHILD SUPPORT GUIDELINES WORKSHEET

A. Sources and Amounts of Annual Income:
 _____ $11,856
 _____ $_____
 _____ $_____
 TOTAL $11,856

B. Federal Tax Deduction
 Gross *Annual* Income $11,856
 less 2 personal exemptions < 4,600 >
 less standard deduction
 (single or head of household) < 5,250 >
 Net taxable income—federal $ 2,006
 Federal tax liability (from tax table) < 301 >

C. State Tax Deduction
 Gross *Annual* Income $11,856
 less federal tax liability < 301 >
 less state standard deduction < 3,160 >
 Net taxable income—state $ 8,395

State tax liability (from tax table)
less __2__ credits < __243__ >

D. Social Security Tax Deduction
Annual earned income $11,856
Applicable rate (7.65% or 15.30%) × __7.65__
Annual Soc. Sec. tax liability < __907__ >

E. Other Deductions (Annual)
 1. Union Dues <_____>
 2. Mandatory Pension <_____>
 3. Dependent Medical Insurance < __1,510__ >
 4. Affiant's Med. Ins. or Exps. (Not to exceed $300) < __300__ >
 5. Prior child support obligations (including med.) <_____>
 6. Spousal support obligations <_____>
 7. Child care expenses $ 2,600
 less fed. & state tax credits < __1,148__ >
 Net child care expenses < __1,452__ >

Net Annual Income $ __7,143__

Monthly Average Income $ __595__

STATE OF IOWA, COUNTY OF _____, ss.

I, _____, do hereby swear or affirm that the above and foregoing statement is true and correct as I verily believe.

 _____
 (Petitioner/Respondent)

## TAX TABLES (1992)

A. FEDERAL TAXES

Standard Deductions:

| | |
|---|---|
| Single | $3,600.00 |
| Head of Household | $5,250.00 |
| Additional if over 65 or blind | $ 900.00 |
| Personal Exemptions—Each | $2,300.00 |

| Tax Rates: | Single | Head of Household |
|---|---|---|
| 15% | 0 to $21,450 | 0 to $28,750 |
| 28% | $21,450 to $51,900 | $28,750 to $74,150 |
| 31% | $51,900 + | $74,150 + |

B. STATE TAXES

Standard Deduction:

| Single–$1,280 | Head of Household–$3,160 |
|---|---|

Credits:

| Personal $20 | Dependent $15 |
|---|---|

### TAX RATE SCHEDULE

| Over | But Not Over | Tax | Tax Rate | Of Excess Over |
|---|---|---|---|---|
| $ 0 | $ 1,060 | $ 0+ | .40% | $ 0 |
| 1,060 | 2,120 | 4.24+ | .80% | 1,060 |
| 2,120 | 4,240 | 12.72+ | 2.70% | 2,120 |
| 4,240 | 9,540 | 69.96+ | 5.00% | 4,240 |
| 9,540 | 15,900 | 334.96+ | 6.80% | 9,540 |
| 15,900 | 21,200 | 767.44+ | 7.20% | 15,900 |
| 21,200 | 31,800 | 1,149.04+ | 7.55% | 21,200 |
| 31,800 | 47,700 | 1,949.34+ | 8.80% | 31,800 |
| 47,700 | over | 3,348.54+ | 9.98% | 47,700 |

Last three (3) years taxable income:

| | |
|---|---|
| 1988 | $12,000 |
| 1989 | 17,000 |
| 1990 | 5,000 |

Last three (3) periodic gross wages (paid ___ times each month):

$_____

$_____

$_____

Other method of computing gross earned income:
(See Opinion)

I. Non custodial Parent's Total Net Monthly Income $ 647

Custodial Parent's Total Net Monthly Income $ 595

II. Number of Children for Whom Support is Sought _____

III. Guideline percentage: 22.5

IV. 22.5 × $647 $145.57

Percentage Noncustodial Parent's Net Monthly Income Guideline amount of Child Support

V. Imputed Income: _____

VI. Estimated Income: _____

VII. Deviations: _____

VIII. Recommended amount of Support $ 145.57 per month

Prepared by:

_____ Date: _____

HABHAB, Judge (dissenting).

I respectfully dissent. I believe the trial court acted properly when it deviated from the child support guidelines. I recognize the appellant as a farmer incurs considerable expense in his farming operation. Nonetheless, it occurs to me that he can afford to pay child support in excess of $145.57 as decreed by the majority.