**In re The Marriage of David Frank CLIFTON and Lea Ann Clifton.**

**Upon the Petition of David Frank Clifton, Petitioner–Appellant,**

**And Concerning Lea Ann Clifton, Respondent–Appellee.**

No. 94–0661.

Court of Appeals of Iowa.

Nov. 28, 1994.

Michael F. Mumma of Mumma & Pedersen, Jefferson, for appellant.

Vicki R. Copeland of Wilcox, Polking, Gerken, Schwarzkopf, Hoyt & Copeland, Jefferson, for appellee.

Heard by SACKETT, P.J., HABHAB, J., and SCHLEGEL, S.J.*

CADY, J., takes no part.

SACKETT, Judge.

Petitioner-appellant David Frank Clifton appeals the district court's refusal to grant him physical care of his daughter, Stephanie. David also claims the trial court incorrectly calculated his child support obligation. We affirm.

The marriage of David and respondent-appellee Lea Ann Clifton was dissolved in 1988. The custody of Stephanie, born in 1981, was granted to David and Lea Ann jointly. Physical care was awarded to Lea Ann. David was ordered to pay $180 a month in child support. In December 1992, David filed this petition for modification and Lea Ann counterclaimed for a modification to increase child support.

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

We first address David's claim the trial court should have excluded evidence of his settlement offers. David complains the trial court improperly considered settlement negotiations in reaching its decision. Evidence was admitted that David would retreat from his claim to gain physical care of Stephanie if Lea Ann would not ask for a change in the amount of child support he owed. David had objected to the evidence as being inadmissible under Iowa Rule of Evidence 408. The trial court considered this evidence in its finding. David contends the evidence of settlement negotiations should have been excluded under Iowa Rule of Evidence 408. Lea Ann advances this rule of evidence should not be applicable to dissolution proceedings.

Iowa Rule of Evidence 408 provides:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Iowa common law had been basically in accord with Rule 408 adopted in 1983. *See Iowa Rules of Court,* Iowa R.Evid. 408, Committee Comment (West 1993); *see also Lewis v. Kennison,* 278 N.W.2d 12, 14 (Iowa 1979) (citing Federal Rule of Evid. 408).

A rule excluding offers of compromise in litigation tendered as an admission of weakness of the opposing party's claim is supported by a public policy of promoting compromise. *See State v. Burt,* 249 N.W.2d 651, 652 (Iowa 1977). And has been found to be available in civil but not criminal suits. *Id.* The evidence that David offered to dismiss his petition for modification in exchange for a dismissal of the modification seeking increased child support was used by the trial court as evidence of weakness in David's case. Lea Ann contends Rule 408 is not applicable in dissolution cases because in *Burt,* 249 N.W.2d at 652, the court said it was only available in civil cases. The court in *Burt* used the reference civil as contrasted to criminal. We determine the rule is applicable in dissolution cases. Clearly, the public policy of encouraging settlements is as strong or stronger in a dissolution case as in, for example, a personal injury case. We see no valid reason to determine the rule is not applicable in dissolution cases.

We review de novo. Iowa R.App.P. 4. Therefore, we do not consider the evidence of David's offer of settlement in making our factual finding in this case.

We next address David's claim the decree should be modified to award him physical care. David sought physical care primarily because of two instances of claimed physical abuse against Stephanie by Lea Ann's live-in boyfriend, who also is the parent of Lea Ann's second child. The incidents cause us concern as they cause David concern. The first instance involved red marks on Stephanie's legs from Lea Ann's boyfriend hitting her. The boyfriend admitted he had hit Stephanie and caused the marks. The incident was reported because Lea Ann and the boyfriend and the children were in family counseling and the counselor reported the situation.

The second incident also involved red marks on Stephanie's legs. There was a dispute over whether the marks came from the boyfriend hitting Stephanie or from Stephanie flopping down on her waterbed and hitting the back of her legs on the wooden frame. Stephanie contends the marks came from her legs hitting her waterbed frame.

Lea Ann is no longer living with the offending boyfriend. Lea Ann sought counseling and continued it after the marks were reported. Other than these two incidents, there is little else in the record showing Lea

Ann is not taking good care of Stephanie. There is little in the record about David's plans for care of Stephanie should physical care be changed.

 To change the custodial provision of his dissolution decree, David must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that Stephanie's welfare supports the requested change. *See In re Marriage of Mikelson,* 299 N.W.2d 670, 671 (Iowa 1980). The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. *See id.* David must prove an ability to minister more effectively to Stephanie's well being. *See id.* The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed, it should be disturbed only for the most cogent reasons. *See In re Marriage of Frederici,* 338 N.W.2d 156, 158 (Iowa 1983).

David did not introduce evidence to meet this substantial burden. We affirm the trial court's refusal to modify the decree to award physical care to David.

 The trial court increased David's child support from $180 a month to $442 a month. David does not challenge the fact an increase in child support was ordered. Although, David does challenge the amount of increase and contends the trial court, in fixing the new support amount, did not correctly apply the child support guidelines, specifically, the trial court did not correctly compute his net monthly income before applying the guidelines. The trial court used David's 1992 annual income to determine his net monthly income for child support purposes. David was injured during calendar year 1993 and only worked through October of that year. David's 1993 annual income, therefore, was less than his 1992 annual income. David contends the trial court should either have used his 1993 income or should have used a three-year average. David's 1992 income was considerably higher than the prior year's income. We have averaged incomes over three years to determine net monthly income for purposes of applying the child support guidelines. *See In re Marriage of Cossel,* 487 N.W.2d 679, 683 (Iowa App.1992). Generally an average income is more appropriate in the case of a self-employed person, e.g. *Cossel,* 487 N.W.2d at 681 (farmer); *In re Marriage of Powell,* 474 N.W.2d 531, 534 (Iowa 1991) (chiropractor), than a wager earner such as David. We find no valid reason to modify the trial court's computation of David's net monthly income for child support purposes. We affirm.

We award no appellate attorney fees. Costs on appeal are taxed to David.

**AFFIRMED.**