In re the MARRIAGE OF Mari R. HICKEY and Dennis M. Hickey.

Upon the Petition of Mari R. HICKEY, Petitioner–Appellee,

and

Concerning Dennis M. Hickey, Respondent–Appellant.

No. 99–1907.

Court of Appeals of Iowa.

June 13, 2001.

Mark S. Beckman of Beckman Law Offices, Dubuque, for appellant.

Darin S. Harmon of Kintzinger Law Firm, P.L.C, Dubuque, for appellee.

Considered by SACKETT, C.J., HUITINK and STREIT, JJ.

SACKETT, C.J.

Respondent Appellant Dennis M. Hickey appeals from an order increasing the child support he is required to pay Appellee Mari R. Hickey for their two daughters, Stephanie, born February 10, 1987, and Sara, born May 14, 1989. Dennis contends that the district court (1) incorrectly determined the parties' net income for purposes of applying the child support guidelines; (2) did not properly consider the issue of fixing retroactive child support; and (3) failed to make certain specific provision for his visitation. We affirm as modified.

The marriage of Dennis and Mari was dissolved in 1991, and the children were placed in Mari's physical care. Dennis was ordered to pay child support of $720 a month.

On February 23, 1999, Mari filed a petition for modification of the 1991 decree. She contended that both Dennis's and her income had increased and that the current child support deviated more than ten percent from the current child support guidelines. She requested a modification of child support. Mari also requested she be granted attorney fees and that the court costs be assessed against Dennis. On March 4, 1999, Dennis signed an acceptance of service of Mari's petition. He subsequently answered her petition and counterclaimed, seeking additional visitation.

The matter came up for hearing, and on September 30, 1999, the district court en-

tered an order. The court found Mari's net monthly income for purposes of applying the child support guidelines was $1700 and Dennis' income for the same purpose was $2500 a month. The district court determined Dennis should pay child support of $1096 a month. The court found Mari's petition was filed on February 23, 1999, and that the support should be retroactive. The court then determined that Dennis should begin paying $1096 a month beginning March 11 [1], 1999, and that "the accrued arrearage created by the retroactive award was due and owing immediately." The court also made certain adjustments in the visitation provisions of the original decree. Dennis was ordered to contribute $1200 towards Mari's attorney fees. Court costs were taxed evenly to the parties.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact-findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Dennis first contends that the district court incorrectly computed the parties' "net monthly income" for purposes of applying the child support guidelines. Dennis contends that his income was about $300 less than the district court found and that Mari's was about $80 more. Before applying the guidelines, there needs to be a determination of the net monthly income of the custodial and noncustodial parent. *See In re Marriage of Powell,* 474 N.W.2d 531, 534 (Iowa 1991) (court must determine the parents' current income from most reliable evidence presented); *In re Marriage of Lalone,* 469 N.W.2d 695, 696 (Iowa 1991) (application of child support guidelines chart first involves determination of net monthly income of each parent); *In re Marriage of Miller,* 475 N.W.2d 675, 678 (Iowa Ct.App.1991) (first step in using the child support guidelines is to arrive at "net monthly income"). Yet the translation of income to "net monthly income" as defined by the guidelines is not an exact science. *See In re Marriage of Gaer,* 476 N.W.2d 324, 329 (Iowa 1991); *State ex rel. Dep't Human Servs. v. Burt,* 469 N.W.2d 669, 671 (Iowa 1991); *In re Marriage of Cossel,* 487 N.W.2d 679, 682 (Iowa Ct.App. 1992). We have considered Dennis's arguments as to why the income amounts considered by the district court were not correct and we find no valid reason to modify the trial court determination of either Mari's or Dennis's "net monthly income." *See In re Marriage of Crotty,* 584 N.W.2d 714, 718 (Iowa Ct.App.1998). Having so determined, we find the award made to be within the range provided for two children by the guidelines. *See In re Marriage of McQueen,* 493 N.W.2d 91, 93 (Iowa Ct. App.1992). We affirm on this issue.

■ Dennis next contends that the district court incorrectly computed retroactive support and ordered it due immediately. The legislature addressed the issue of making a child support order retroactive in Iowa Code section 598.21, which provides in relevant part:

> ... Judgments for child support or child support awards entered pursuant to this chapter, ... which are subject to a modification proceeding may be retroactively modified only from three months after the date the notice of the pending peti-

---

1. The order first filed set the date as March 1, but this was amended in response to a motion for a non pro tunc order.

tion for modification is served on the opposing party.... Any retroactive modification which increases the amount of child support or any order for accrued support under this paragraph shall include a periodic payment plan. A retroactive modification shall not be regarded as a delinquency unless there are subsequent failures to make payments in accordance with the periodic payment plan....

We agree with Dennis that the district court incorrectly computed retroactive support. Dennis accepted service of the original notice of suit on March 4, 1999. His obligation for increased child support should not begin until three months from that date, or June 4, 1999. We modify the decree to provide that the increased support be due from that date. We also agree with Dennis that the district court erred in ordering the retroactive child support to be paid immediately. Dennis should have been afforded a periodic plan to pay those amounts. Mari contends that Dennis did not request a periodic payment plan. Because even with a periodic payment plan the amount of increased support would have been paid prior to this date, the issue is moot, and we choose not to address it further.

Dennis also challenges the district court's order that the children be exchanged by the parties at the Iowa City police station. Dennis contends this makes for more driving and it is stressful for the children. Mari contends the place of exchange is necessary. Matters such as these are best left to the discretion of the district court who has viewed the parties firsthand. We affirm the district court on this issue.

Dennis also contends that Mari should have been ordered to sign an affidavit within ten days of his request to take the children on foreign travel. The affidavit would indicate her consent to the travel. Mari had objected to his taking the children out of the United States and has asked that Dennis be precluded from doing so. The district court denied Mari's request and provided that Dennis could take the children on foreign trips. The district court did not order the requested affidavit. Mari should be required to comply with reasonable travel requests for the children.

At the hearing Dennis requested certain modifications of the visitation provisions. Some of his requests were granted by the district court, and others were denied. Dennis has been awarded reasonable and substantial visitation with the children. We will not interfere with the district court's order in this regard.

Dennis's last contention is that he should not have been ordered to pay $1200 towards Mari's attorney fees. An award of attorney fees is not a matter of right but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa Ct.App.1987). The district court did not abuse its discretion in awarding the attorney fees. We affirm on this issue.

We award no appellate attorney fees. Costs on appeal are taxed one half to each party.

**AFFIRMED IN PART; MODIFIED IN PART.**