In re the MARRIAGE' OF Jacqueline Rhea LACAEYSE and Dean Thomas Lacaeyse.

Upon the Petition of Jacqueline Rhea Lacaeyse, Appellant/Cross–Appellee,

And Concerning Dean Thomas Lacaeyse, Appellee/Cross–Appellant.

No. 89–1552.

Court of Appeals of Iowa.

Aug. 30, 1990.

Michael W. Mahaffey, Montezuma, for appellant.

C.M. Manly, Grinnell, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Appellant Jacqueline Lacaeyse appeals the custody provision of the district court's decree dissolving her marriage to appellee Dean Lacaeyse. Jacqueline also seeks attorney fees for this appeal. Dean cross-appeals the division of property and visitation provisions of the dissolution decree. We affirm as modified.

Jacqueline and Dean were married on March 30, 1984. Two children were born of this marriage: Joel, on February 1, 1985, and Alexander, on February 10, 1987. Dean, twenty-six years old at the time of trial, operates a hog farm on 160 acres owned by his grandmother. Jacqueline, who was thirty years old at the time of trial, was primarily a homemaker. Jacqueline was previously married and from that marriage has custody of her seven-year-old daughter, Cassandra.

The parties separated on November 15, 1988, and Jacqueline filed her dissolution petition on December 7, 1988. The district court ordered a psychological evaluation of the parties and their children. The psychologist who conducted the evaluation recommended to the court that Joel and Alexander be placed in the custody of Dean.

The district court, viewing the custody question as an extremely close "call," awarded joint custody of Joel and Alexander, with primary physical care being awarded to Dean. Upon motion for expanded findings and conclusions of the dissolution decree, the district court granted Jacqueline the choice of visitation every weekend from 10:00 a.m. on Saturday to 7:00 p.m. on Sunday, or visitation every other weekend from 4:00 p.m. on Friday to 7:00 p.m. on Sunday. Jacqueline elected to choose the former alternative. In dividing the parties' property, the district court awarded Dean all of the farm equipment and livestock, as well as the accompanying debt. The court ordered Dean to pay Jacqueline $10,000 in two installments.

I.

Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first

and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.-41(3) and in *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983) and *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974).

■ All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App.1985).

■ The district court found that Dean can best provide for Joel and Alexander's well being. We concur with that assessment. The court-appointed psychologist, Dr. Tedesco, recommended that the children be placed with Dean. A significant factor in Dr. Tedesco's recommendation was Jacqueline's open exhibition of anger and inappropriate behavior while interacting with her children during a diagnostic play interview. Dean, on the other hand, interacted well with the children and did not display the hostility exhibited by Jacqueline.

The district court, which was able to observe the witnesses and their conduct at trial, determined that Joel's and Alexander's best interests necessitated their placement with Dean. While we are not bound by these findings, we accord them weight, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Upon consideration of those factors set out in Iowa Code section 598.41(3), we decline to modify the physical custody of Joel and Alexander.

## II.

■ Dean raises two issues on his cross-appeal. First, he asserts the visitation awarded Jacqueline is excessive. Jacqueline elected to have visitation with the boys every weekend from 10:00 a.m. on Saturday to 7:00 p.m. on Sunday. Additionally, she has visitation every Tuesday and Thursday from 4:00 p.m. to 8:00 p.m.

Liberal visitation rights are in the best interest of the children. Iowa Code § 598.41(1); *In re Marriage of Athy,* 428 N.W.2d 310, 313 (Iowa App.1988). Since Dean has primary physical custody of the boys, he is entitled to enjoy weekend time with them. *See In re Marriage of Ertmann,* 376 N.W.2d 918, 921 (Iowa App. 1985); *In re Marriage of Weidner,* 338 N.W.2d at 359. We therefore modify the decree to award Jacqueline visitation with the boys every other weekend from 4:00 on Friday to 7:00 on Sunday. Dean is also critical of the midweek visitation Jacqueline has with the boys. As we noted in *In re Marriage of Ertmann,* 376 N.W.2d at 922: "Visitation should include not only weekend time, but time during the week when not disruptive to allow the noncustodial parent the chance to become involved in the child's day-to-day activity as well as weekend fun." We affirm the district court's granting of midweek visitation to Jacqueline, except we modify the decree by removing the Tuesday and Thursday visitation and inserting in lieu thereof midweek visitation on Wednesday of each week from 4:00 p.m. to 8:00 p.m. We believe that two-day midweek visitation under the circumstances here would be unduly disruptive to the custodial parent.

## III.

■■ Dean also questions the equity of the property division. Specifically, Dean asserts the $10,000 lump sum payment to Jacqueline to be inequitable. To resolve this issue, we turn to well-settled principles of law. The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987). The distribution of the property of the parties should be that which is equitable under the circumstances after consideration of the criteria codified in Iowa Code section 598.-21(1). *In re Marriage of Estlund,* 344

**478**

N.W.2d 276, 280 (Iowa App.1983). While Jacqueline was awarded more in terms of net assets, Dean was awarded all income-producing assets associated with his farming enterprise in addition to various personal property. We find the property division to be equitable.

### IV.

█ Additionally, Jacqueline seeks appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Each party shall pay his or her respective attorney fees.

### V.

█ A final subsidiary issue in this matter concerns Dean's contention that Jacqueline's inclusion of the entire transcript of the trial in the appendix to be unnecessary. The Iowa Supreme Court has directed us to consider this issue on appeal. Iowa Rule of Appellate Procedure 15(a) provides that the appendix is to contain only relevant portions of the record. The inclusion of irrelevant portions of the record results in two problems: additional printing expense and "an unwarranted reading burden on the members of the appellate courts." *State v. Oppelt*, 329 N.W.2d 17, 21 (Iowa 1983). Two hundred eleven pages of the transcripts were included in the appendix by appellant, sixty-nine pages of which we view as unnecessary. We therefore assess twenty percent of the cost of the appendix, $148.26, to appellant. The remaining costs are assessed one-half to each party.

AFFIRMED AS MODIFIED.