# IN THE COURT OF APPEALS OF IOWA

No. 17-0238
Filed August 16, 2017

IN RE THE MARRIAGE OF TIMOTHY WAYNE SCHUMACHER
AND MARY SCHUMACHER

Upon the Petition of
TIMOTHY WAYNE SCHUMACHER,
        Petitioner-Appellant/Cross-Appellee,

And Concerning
MARY SCHUMACHER,
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Emmet County, Nancy L.
Whittenburg, Judge.

        A former husband appeals a dissolution decree granting his former wife
physical care of their children; the former wife cross-appeals the denial of
spousal support and trial attorney fees.  **AFFIRMED ON BOTH APPEALS.**

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West
Des Moines, for appellant.

        Matthew G. Sease of Kemp & Sease, Des Moines, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Timothy Schumacher appeals the physical care provision of the decree that dissolved his marriage to Mary Schumacher. Timothy claims the district court should not have granted Mary physical care of the children and the court's rationale for doing so was inconsistent with the record. Mary claims the district court abused its discretion in denying her request for spousal support and trial attorney fees.

## I.      Background Facts and Proceedings

Timothy and Mary were married in 2007. The parties are the parents of three children, born 2007, 2010, and 2012. Mary's child from a prior marriage, born in 2001, also lives in the marital home.

On May 6, 2015, while Timothy was out of town on business, Mary filed a petition for relief from domestic abuse, alleging Timothy had threatened her and she feared for her safety. On the same day, a temporary protective order was issued that restrained Timothy from any contact with Mary or the children. On May 15, Timothy filed a petition to dissolve the marriage, seeking joint legal custody and physical care of the children.

On June 8, a contested hearing was held on the petition for relief from domestic abuse. The court concluded Timothy had not committed a criminal assault, determined he no longer posed a threat to Mary, and dismissed the petition. Immediately following the hearing, the court heard arguments regarding temporary matters in the dissolution action. The court resolved the temporary matters hearing by granting temporary joint legal custody to both parties and placing the children in the physical care of Mary.

Trial on the dissolution matter occurred over four days in April 2016. On December 22, the district court issued a forty-page written ruling. In addressing the issue of physical care, the court determined the parties were not well-suited for shared physical care and placed the children in the physical care of Mary. In evaluating Mary's request for spousal support, the court determined Mary had the ability to support herself at the standard of living she had enjoyed during the marriage and spousal support was not warranted. Finally, the court denied Mary's request for attorney fees.

Timothy appeals the court's physical care determination; Mary cross-appeals from the court's denial of spousal-support and trial attorney fees and requests appellate attorney fees.

## II.    Scope and Standard of Review

Our review of dissolution cases is de novo, "giv[ing] weight to the trial court's factual findings, especially with respect to the credibility of the witnesses." *In re Marriage of Witten*, 672 N.W.2d 768, 773 (Iowa 2003).

## III.    Physical Care

Timothy claims the district court should not have granted Mary physical care of the children. Specifically, he claims it is in the children's best interests to be placed in his physical care and the court's determination to the contrary is not supported by the record.

In determining the appropriate physical-care arrangement, "the best interests of the child is the first and governing consideration." *In re Marriage of Wessel*, 520 N.W.2d 308, 309 (Iowa Ct. App. 1994). Iowa Code section 598.41(3) (2015) lists several factors which are relevant in making a best-

interests determination as to physical care. *See In re Marriage Winter*, 223 N.W.2d 165, 166 (Iowa 1974) (noting the factors were considerations in physical care, then just called "custody"). Ultimately, "[t]he objective . . . is to place the children in the environment most likely to bring them to healthy, physical, mental, and social maturity." *In re Marriage of Knight*, 507 N.W.2d 728, 730 (Iowa Ct. App. 1993).

In its written order, the district court analyzed the factors listed in section 598.41(3) thoroughly. In placing the children in the physical care of Mary, the court stated:

> The record supports a finding that it is in the children's best interest that their primary physical care be placed with Mary. Mary historically provided the overwhelming majority of the children's care. She was successful in her role as the children's caretaker and there is nothing in the record that would indicate that she will not continue to successfully serve in this role. Further, this care arrangement will provide continuity of care for the children. Tim's history of controlling the money during the marriage, failure to prudently manage Evergreen Properties, and failure to pay taxes calls into question his decision-making skills and how he will treat Mary, as well as the children, if sole physical care authority was conveyed to him. On the record, Mary is the parent best suited to raise the children to their fullest mental, emotional and physical maturity.

Although Timothy attacks this analysis as lacking support in the record, we cannot say the district court, after hearing testimony over the course of four days, did not have a substantial factual basis upon which to make the physical care decision. On our review of the testimony and giving deference to the district court's factual findings as well as the credibility determinations, we affirm the district court's physical-care determination.

## IV.    Spousal Support

On cross-appeal, Mary claims the district court miscalculated the parties' monthly incomes and abused its discretion in denying her request for spousal support of $1500 per month.  Timothy disagrees.

"Spousal support 'is not an absolute right, and an award thereof depends upon the circumstances of a particular case.'"  *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 486 (Iowa 2012) (quoting *In re Marriage of Olson*, 705 N.W.2d 312, 315 (Iowa 2005)).  Iowa Code section 598.21A(1)(a)–(j) lists several factors to be considered whether spousal support should be awarded.  "We consider alimony and property division together in assessing their individual sufficiency. They are neither made nor subject to evaluation in isolation from one another." *In re Marriage of McLaughlin*, 526 N.W.2d 342, 345 (Iowa Ct. App. 1994).

In determining whether to order spousal support, the district court noted that the property distribution helped equalize the parties' assets, the parties' gross incomes were relatively close when consideration of Mary's income from employment and child support and Timothy's payment of the children's health insurance were accounted for, and that Mary was choosing not to pursue full-time employment to grow her income.  In denying Mary's request for spousal support, the court stated:

> On the evidence, the court concludes that Mary has the ability to become self-supporting at the level of at least the standard of living she experienced while married and possibly above that standard, that her standard of living would likely increase above the one she enjoyed while married if she is awarded either amount of spousal support she requested and significantly lower Tim's standard of living below that which he enjoyed during the marriage.  Further, and importantly, considering the property award to Mary herein, the

record does [not] support the need or a basis for an award of spousal support and none is made.

On our de novo review of the record, we find nothing that contradicts the district court's conclusion and affirm the denial of Mary's request for spousal support.

## V. Trial Attorney Fees

Next, Mary claims the district court abused its discretion in failing to award her trial attorney fees. In exercising its discretion whether to award attorney fees, district courts look to "the respective abilities of the parties to pay the fees" and whether the fees are "fair and reasonable." *In re Marriage of Applegate*, 567 N.W.2d 671, 675 (Iowa Ct. App. 1997). Upon our review of the record, we find no abuse of discretion in the district court's decision to decline an award of attorney fees.

## VI. Appellate Attorney Fees

Finally, Mary requests appellate attorney fees. "An award of appellate attorney fees is not a matter of right but rests within our discretion." *Id.* In exercising our discretion, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* In light of these considerations, we decline to award appellate attorney fees.

## VII. Conclusion

Because we find the district court properly granted Mary physical care of the children, and denied her request for spousal support and trial attorney fees, we affirm the dissolution decree.

**AFFIRMED ON BOTH APPEALS.**